## MARTIN F. SPELLMAN et al.

*v.*

## A. JULIUS MATHEWSON, Guardian, et al.

1. GUARDIAN'S *sale of lands—notice of application.* The notice by a guardian of the presentation of his petition for an order to sell lands of his wards was as follows, to wit: " Notice is hereby given that a petition to sell the real estate belonging to the minor heirs of Martin Spellman, deceased, will be presented to the circuit court of Will county, Illinois, at the next term thereof, to be holden at the court house in Joliet, in said Will county, on the third Monday in December next, when and where all persons interested may appear and show cause, if any they have, why such petition should not be granted. Lockport, Oct. 27, 1853." And it was

signed, "A. J. Mathewson, guardian:" *Held*, that the notice was sufficient, and that it was not necessary to have stated the special reasons why the order of sale should be asked.

2. SAME—*certificate of publication.* Where the certificate of the publication of the notice of a guardian's application for an order to sell lands was in due form, except it did not state that the newspaper was published in the county: *Held*, on error to reverse the decree, that as the court below could receive other evidence of that fact, it would be presumed that it did so.

WRIT OF ERROR to the Circuit Court of Will county.

This was an application, by A. Julius Mathewson, one of the defendants in error, as guardian of the plaintiffs in error and others, for leave to sell certain real estate of his wards. The following is a copy of the notice of the application, and of the certificate of its publication:

"Notice is hereby given that a petition to sell the real estate belonging to the minor heirs of Martin Spellman, deceased, will be presented to the circuit court of Will county, Illinois, at the next term thereof, to be holden at the court house in Joliet, in said Will county, on the third Monday in December next, when and where all persons interested may appear and show cause, if any they have, why such petition should not be granted.

"A. J. MATHEWSON, Guardian.

"LOCKPORT, Oct. 27, 1853."

"I hereby certify that the annexed notice was published in the Lockport Telegraph for eight successive weeks; that the date of the first paper in which the same was published was the 29th day of October, A. D. 1853, and that the date of the last paper in which it was published was the 17th day of December, A. D. 1853.

"CHAS. D. HOLCOMB, Publisher."

The petition showed that the guardian had already expended large sums of money for the education, nurture and support

of the wards; that they had no personal property, of any description, which could be appropriated to their use and benefit, and that considerable large sums of money would necessarily have to be expended upon such wards for their nurture, education and support in the future, and that it was necessary, for that purpose, that a part of their real estate be sold. The petition also states the death of the wards' father, gave a description of their real estate, the names of the wards and the fact of guardianship.

Mr. HOMER COOK, for the plaintiffs in error.

Mr. MELVILLE W. FULLER, for the defendants in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

We see no ground for reversing the decree of sale contained in this record. The objections taken to the notice and the certificate of its publication are insufficient. The former showed that a petition by guardian to sell the real estate of his wards would be presented at the next term of the circuit court of Will county, and stated the time when said term would be held. It was not necessary that it should also state the special reasons why the order of sale would be asked. The certificate of publication, it is true, does not show that the Lockport Telegraph was published in Will county, but the court could receive other evidence of that fact, and we must presume it did so, as was held in *Pierce* v. *Carleton,* 12 Ill. 364, and subsequent cases.

The petition was sufficient, and the master's report sustained its allegations

*Decree affirmed.*